(130 So. 162)

**SHINE et al. v. McCARTER.**

4 Div. 544.

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

J. L. Murphy, of Andalusia, for appellants.

A. Whaley, of Andalusia, for appellee.

BRICKEN, P. J.

Appellant Shine was a constable for Beat 12, Covington county, and the two other appellants D. J. Foshee and D. S. Wiggins were the sureties on his bond as constable.

This suit by appellee against Shine, and his sureties on his official bond, was for damages for the alleged wrongful levy by Shine, as such constable, upon personal property alleged to be that of appellee. As plaintiff below, appellee alleges that said Shine, as aforesaid, levied an attachment which had been issued out of the justice of the peace court of one J. W. Cross, in a suit of Nolen v. Solomon to which appellee was not a party, upon certain personal property described in the complaint, to wit, one cow and one calf and twenty-two head of hogs. The court charged the jury, among other things, as follows:

"The Plaintiff alleges that this bond of this Constable was breached at the time the Constable levied an attachment which had been issued against one E. H. Solomon upon the property of this plaintiff, after said Constable had notice that it was her property.

"The burden of proof is upon the plaintiff in this case to reasonably satisfy you of the truth of each material allegation of her complaint. The burden of proof is upon her to reasonably satisfy you by proof in this case that Shine was the Constable of that beat and that as constable of that beat he levied a writ of attachment upon the property claimed by her and that that property belonged to her and that at the time he levied upon that property he had notice it was hers and not the property of said Solomon, the Defendant. That is all there is in this case."

There are several assignments of error, but as we view this case a question of fact only is involved. In this connection the court allowed the parties full opportunity to sustain by their evidence their respective insistences, and we find no reversible error in any of the rulings of the court. The evidence being in conflict, the court was without authority to direct a verdict and therefore properly refused the general affirmative charge requested in writing.

The evidence offered by plaintiff tended to substantiate her claim and to sustain the material allegations of her complaint. This evidence was ample to support the verdict of the jury upon whom devolved the duty of according such weight and probative force to the evidence as they deemed proper under the instructions by the court.

Finding no injurious error in any of the court's rulings, the judgment appealed from will stand affirmed.

Affirmed.